UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61609-ROSENBERG/AUGUSTIN-BIRCH

ALICIA MORGAN,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE
COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DE 13]

This cause comes before the Court on Defendant The Standard Fire Insurance Company's Motion for Summary Judgment. DE 13. The Honorable Robin L. Rosenberg, United States District Judge, has referred the Motion to the undersigned Magistrate Judge for a report and recommendation. DE 21. Plaintiff Alicia Morgan has filed a response to the Motion, DE 20, but Defendant has not filed a reply. The Court has carefully considered the Motion, the briefing, the record, and is otherwise fully advised. For the reasons set forth below, the Court **RECOMMENDS** for Defendant's Motion [DE 13] to be **DENIED**. The Court further **RECOMMENDS** for summary judgment to be **GRANTED** in Plaintiff's favor in accordance with Federal Rule of Civil Procedure 56(f)(1).

### I. Background

While Plaintiff was walking into a Pollo Tropical in North Miami, Florida, she was struck by a United States Postal Service ("USPS") Truck. DE 1-1 ¶¶ 6–7. As a result of the accident, which Plaintiff claims was the result of the USPS Truck driver's negligence, Plaintiff alleges she sustained serious injuries. Id. ¶ 8. At the time of the accident, Plaintiff was insured under an automobile policy issued by Defendant, which provided uninsured motorist coverage. Id. ¶ 9. Claiming that the USPS

Truck qualified as an uninsured motor vehicle under her insurance policy, Plaintiff attempted to recover pursuant to the uninsured motorist provision, but Defendant refused to provide coverage. *Id.* ¶¶ 12–17. As a result, Plaintiff filed a one-count claim for uninsured motorist benefits against Defendant in state court, DE 1-1, and Defendant removed the case to federal court. DE 1.

Defendant has now filed the present Motion for Summary Judgment, wherein it contends the USPS Truck does not qualify as an uninsured vehicle. DE 13. Plaintiff has filed a response in opposition, DE 20, along with a statement of material facts and additional facts. DE 19. Defendant has neither filed a reply to Plaintiff's response nor replied to Plaintiff's statement of material facts and additional facts.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) requires the grant of summary judgment upon the movant establishing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As for the lack of a genuine dispute, "summary judgment will not lie if the dispute about a material fact is 'genuine', that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Furthermore, pursuant to subsection (f)(1) of Rule 56, a court may, after giving notice and a reasonable time to respond, grant summary judgment for the nonmovant. Plaintiff, the nonmovant here, requests for the Court to utilize this provision and grant summary judgment in her favor after providing Defendant with notice and a reasonable time to respond. DE 20 at 9. As explained below,

the Court agrees and recommends that summary judgment be granted in Plaintiff's favor pursuant to Rule 56(f)(1).

### III. There is no Genuine Dispute of Material Facts

The parties do not dispute the following facts: (1) "The subject accident occurred on March 29, 2022," (2) "The alleged tortfeasor was driving a USPS vehicle at the time of the accident," (3) "Plaintiff had a car insurance policy with Defendant that included [uninsured motorist] benefits for all applicable accidents that occurred between December 21, 2021, and December 21, 2022," and (4) "Plaintiff's sole claim against Defendant is for [uninsured motorist] benefits resulting from the subject accident on March 29, 2022." DE 14; DE 19 at 1–2.

Additionally, within Plaintiff's statement of material facts, she averred additional facts, such as the fact that she suffered bodily injuries as a result of the accident and that USPS informed her that "The United States Postal Service is not insured with any automobile insurance carrier, does not carry uninsured or underinsured motorist coverage and is not a self-insured entity." DE 19 ¶¶ 7, 10. Because Defendant failed to dispute these facts, the Court will deem the facts admitted and undisputed. *See* S.D. Fla. L.R. 56.1(b)(3)(A), (c) (requiring movant to respond to additional facts in opponent's statement of material facts; otherwise, the Court may deem the fact to be admitted so long as: (1) the Court finds the material fact to be supported by record evidence, and (2) no exception under Rule 56 applies); DE 19-1 at 2 (affidavit from Plaintiff wherein she avers that she suffered a knee injury, which required surgery, as a result of the accident); DE 19-2 at 6 (USPS claim acknowledgment letter from which Plaintiff quotes in her statement of material facts).

All told, it is thus undisputed that (1) Plaintiff suffered bodily injuries resulting from the accident with the USPS Truck, which carries no insurance and is not self-insured, (2) at a time when she was insured under a policy from Defendant, that included uninsured motorist coverage, and (3) Plaintiff seeks to recover uninsured motorist benefits as a result of the accident. Given these

undisputed facts, there is no genuine dispute of material fact, and the only question remaining is whether the insurance policy at issue provided coverage for the subject accident. Seeing as this is a pure question of law, summary judgment is appropriate to resolve this dispute. *See Hiscox Ins. Co. v. Watford Specialty Ins. Co.*, 647 F. Supp. 3d 1318, 1322 (S.D. Fla. 2022) ("Questions about coverage—and the interpretation of insurance contracts in general—are issues of law." (citing *Siegle v. Progressive Consumers Ins. Co.*, 788 So. 2d 355, 357 (Fla. 4th DCA 2001), *approved*, 819 So. 2d 732 (Fla. 2002))); *Reuter v. Lancet Indem. Risk Retention Grp., Inc.*, 262 F. Supp. 3d 1341, 1348 (S.D. Fla. 2017) ("[T]he construction of an insurance policy, including the extent of coverage, is a question of law for the court." (citing *Jones v. Utica Mut. Ins. Co.*, 463 So. 2d 1153, 1157 (Fla. 1985))).

## IV. Interpretation of the Insurance Policy

Since this is a diversity action, state law governs the interpretation of the insurance policy. *See AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1290 (11th Cir. 2022). And, under Florida law, courts employ the rule of *lex loci contractus*, meaning law of the place where the contract is made, to determine which state or country law to apply to the interpretation of an insurance policy. *See Berrios v. Orlando Reg'l Healthcare Sys.*, 100 So. 3d 128, 130 (Fla. 5th DCA 2012) ("When determining the validity, nature, and interpretation of a contract . . . Florida adheres to the rule of *lex loci contractus*—applying the law of the state or country where the contract is executed." (citing *Goodman v. Olsen*, 305 So. 2d 753, 754–55 (Fla. 1974))); *Burger King Corp. v. Lumbermens Mut. Cas. Co.*, 410 F. Supp. 2d 1249, 1257 (S.D. Fla. 2005) ("With respect to issues of contract interpretation, Florida uses the *lex loci contractus* approach, such that the law of the state where the contract is made controls."); *see also Allstate Ins. Co. v. Harmon*, 314 F. Supp. 3d 1336, 1340 (S.D. Fla. 2018) ("Under Florida law, an insurance policy is treated and construed like a contract."); *Allstate Fire & Cas. Ins. Co. v. Hradecky*, 208 So. 3d 184, 186 (Fla. 3d DCA 2016) ("Under Florida law, an

4

insurance policy is treated like a contract . . . ."). Here, because Plaintiff, the named insured, and the insurance agency for the insurance policy both list Florida addresses on the policy, DE 14-2 at 1, Florida law applies to the interpretation of the insurance policy.[1]

The Uninsured Motorist Coverage Section of the insurance policy at issue provides that Defendant "will pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of a 'uninsured motor vehicle' because of 'bodily injury'" sustained by the insured. DE 14-2 at 24. Again, there is no dispute that Plaintiff is an insured under the policy or that she suffered bodily injuries from the accident; therefore, the only question remaining is whether the USPS Truck qualifies as an uninsured motor vehicle under the policy.

Regarding that question, the policy defines an "Uninsured motor vehicle" as "a land motor vehicle or trailer":

> 1. To which no bodily injury liability bond or policy applies at the time of the accident.
>
> 2. To which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.
>
> 3. Which is a motor vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in "bodily injury" without hitting:
>
>> a. You or any "resident relative";
>>
>> b. A vehicle that you or any "resident relative" are "occupying"; or
>>
>> c. "Your covered auto".
>
> If there is no physical contact with the motor vehicle causing the accident, the facts of the accident must be proved.
>
> 4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
>
>> a. Denies coverage; or

---

[1] The parties also do not claim that the laws of a state other than Florida apply.

      b. Is or becomes insolvent within four years of the date of the accident.

*Id.*[2]

Of these definitions, Defendant appears to dispute the first. DE 13 at 3–4. Specifically, Defendant contends that since the United States provides "unlimited coverage to tort victims" through the Federal Tort Claims Act ("FTCA"), the USPS Truck was, in fact, insured. *Id.* at 3. As such, Defendant maintains "USPS, or the U.S., does not qualify as an uninsured or underinsured motorist under the clear language of the Florida [uninsured motorist] statute and binding case law." *Id.* However, this argument misses the mark. The question here is not whether USPS qualifies as an insured motorist under Florida's uninsured motorist statute or case law. Rather, the dispositive issue is whether the USPS Truck is an uninsured motor vehicle under the insurance policy at issue, and it is.

As previously stated, the insurance policy at issue defines an uninsured motor vehicle as one where "no bodily injury liability bond or policy applies at the time of the accident," DE 14-2 at 24, and it is an undisputed fact that USPS neither carries insurance for its vehicles nor is self-insured. DE 19 ¶ 10; DE 19-2 at 6. Thus, when reviewing the plain language of the policy, as the Court must, the Court concludes that the USPS Truck involved in the accident qualifies as an uninsured motor vehicle under the subject policy because there was no bodily injury liability bond or policy applicable to the USPS Truck at the time of the accident. *See Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) ("Florida law provides that insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties."). The fact that Plaintiff could later seek

---

[2] The insurance policy also provides what an "uninsured motor vehicle" is not, but none of these definitions are relevant or in dispute here. *See* DE 14-2 at 24 (stating a vehicle or equipment does not qualify as an "uninsured motor vehicle" when it is operated on rails or crawler treads, designed for use off public roads while not on public roads, located for use as a residence or premises, or is owned or furnished or available for the regular use by the insured or any resident relative).

compensation from the federal government via a FTCA lawsuit does not a "bodily injury liability bond or policy" make.

For the Court to accept Defendant's argument and rule in its favor, the Court would have to rewrite the insurance policy, which is impermissible under Florida law. *See Beach Resort Hotel Corp. v. Wieder*, 79 So. 2d 659, 663 (Fla. 1955) (en banc) ("It is well settled that courts may not rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain."). Once more, the policy states that when "no bodily injury liability bond or policy applies at the time of the accident," the vehicle is an uninsured motor vehicle. DE 14-2 at 24. To rule in Defendant's favor, the Court would either have to read into the insurance policy an exclusion for when an insured can potentially recover from the operator of a vehicle that has no bodily injury liability bond or policy, or the Court would have to read into the policy a definition for "bodily injury liability bond or policy" as including instances where an insured can recover from the operator of a vehicle with no insurance. Because neither provision exists, the Court cannot read either into the insurance policy.

Moreover, to the extent Defendant's argument can be favorably interpreted as arguing that "bodily injury liability bond or policy" is ambiguous, such an interpretation would not inure to Defendant's benefit. *See Auto-Owners Ins. Co.*, 756 So. 2d at 34 ("If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the another limiting coverage, the insurance policy is considered ambiguous. Ambiguous policy provisions are interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy." (citations omitted)). Therefore, if "bodily injury liability bond or policy" was ambiguous as to whether that includes situations where an insured can recover from the operator of an uninsured government vehicle under the FTCA, such an ambiguity must be resolved in Plaintiff's favor, as the insured, and against Defendant, as the drafter of the insurance policy.

## V. Recommendation

Accordingly, under the plain text of the insurance policy, the USPS Truck was an uninsured motor vehicle, and the accident involving Plaintiff was therefore covered under the uninsured motorist provision of the policy. As such, Plaintiff is entitled to uninsured motorist coverage. Consequently, the Court **RECOMMENDS** that Defendant's Motion for Summary Judgment [DE 13] be **DENIED**. The Court further **RECOMMENDS** that summary judgment, as to Plaintiff's entitlement to uninsured motorist coverage under the insurance policy, be **GRANTED** in Plaintiff's favor pursuant to Rule 56(f)(1) after Defendant is provided with notice and a reasonable time to respond. The Court considers this Report and Recommendation to be sufficient notice and for the objections period to be a reasonable and sufficient time to respond.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 18th day of January, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE